861 F.2d 263
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gladys ADKINS, widow of Russell Adkins, Petitioner,
v.
BENEFITS REVIEW BOARD OF the UNITED STATES DEPARTMENT of
LABOR, and Director, Office of Workers'
Compensation Programs of the United
States Department of Labor.
 No. 85-1566.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1988.
Decided Oct. 5, 1988.
 
 Fredda R. Berman for petitioner.
 Francis X. Lilly, Solicitor of Labor, Donald S. Shire, Associate Solicitor, OFFICE OF WORKER's COMPENSATION PROGRAMS, J. Michael O'Neill, Counsel for Appellate Litigation, Roscoe C. Bryant III, Attorney, U.S. DEPARTMENT OF LABOR, for respondents.
 Before WIDENER and SNEEDEN,* Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 WIDENER, Circuit Judge:
 
 
 1
 This is a petition for review from the decision of the Benefits Review Board upholding the denial of benefits in a black lung claim under provisions of 30 U.S.C. Secs. 901, et seq. The claim was held in abeyance pending the decision in Mullins Coal Co., Inc. v. Director, Office of Workers Compensation Programs, 56 U.S.L.W. 4044 (1987), and was submitted in March of this year, having been previously submitted on the briefs to a panel of this court. The parties now advise that Mullins does not affect this decision.
 
 
 2
 The miner in question, Russell Adkins, was engaged in coal mine employment for more than 10 years, so he was entitled to the interim presumption of 20 C.F.R. 727.203 if the same be applicable under the facts of the case.
 
 
 3
 There is no issue but that Adkins does not have available to him the presumption established under subsections (a)(1)(2) and (3) of Sec. 727.203, for the existence of pneumoconiosis was not established by X-ray or ventilatory or blood-gas studies. A detailed report by a physician, however, Dr. R.C. Jereza, is agreed by all to be a documented opinion exercising reasoned medical judgment under subsection (4) of Sec. 727.203. In that report, Dr. Jereza diagnosed Adkins as having chronic bronchitis, pulmonary emphysema due to coal worker's pneumoconiosis which was related to dust exposure in the patient's coal mine employment. The severity of the impairment, to what extent it prevented Adkins from engaging in physical activity, Dr. Jereza found to be: "Activity limitation mainly limited to walking up inclines, grades, or over exertion." Adkins' last coal mine employment was as a hand loader.
 
 
 4
 On these facts, the Benefits Review Board found that the interim presumption under subsection (4) should not be invoked because the record "lacks evidence of the exertional requirements of the work," and that "claimant has not met the burden of establishing invocation pursuant to subsection (a)(4)."
 
 
 5
 The problem with the Board's finding is that it accepted the testimony of Adkins' wife that she did not know of the type of work he was performing in his last job. The Board did not consider the unrefuted statement in Adkins' application for black lung benefits that his last coal mine work was that of a hand loader. The duties of a hand loader are covered as "loader (mining & quarrying)" under "company laborer," Sec. 939.687-014 in the Dictionary of Occupational Titles, U.S. Department of Labor, 4th Ed., 1977, and the characteristics of that job are found in Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles, U.S. Department of Labor, 1981, p. 90, 465-466, where the physical demands are listed as heavy, meaning that the worker must be able to lift 100 pounds maximum, with frequent lifting and carrying of objects weighing up to 50 pounds. He must not be limited in stooping, kneeling, crouching, crawling, reaching, handling, fingering or feeling. It is apparent, since Adkins could not walk up inclines or grades or over exert, that he was totally disabled from his usual coal mine work, and the finding of the Board is not supported by substantial evidence.
 
 
 6
 We are thus of opinion and hold that the interim presumption of 20 C.F.R. Sec. 727.203(a)(4) is applicable in Adkins' case.
 
 
 7
 The order denying benefits will be vacated and the case remanded for reconsideration, considering that such presumption is applicable in this case.
 
 VACATED AND REMANDED.[1]
 
 
 *
 Judge Sneeden resigned from the court during the pendency of this appeal. The opinion is filed by Judge Widener and Judge Haynsworth, a quorum of the panel. 28 U.S.C. Sec. 46(d)
 
 
 [1]
 Adkins died during the pendency of these proceedings, and the claim was prosecuted by his wife, Gladys